QUESTIONS: 1. Does the recommendation of one spouse acting as superintendent for the promotion or salary increase of the other spouse violate s. 116.111, F.S., when a husband and wife "team" works as superintendent/assistant superintendent in a detention facility? 2. May an official having appointing power who is not related to a prospective appointee appoint such person to a position in which the appointee's immediate supervisor would be a relative, in view of AGO 071-258? 3. Is there any way in which the Division of Youth Services may hire husband and wife "teams" to work in detention facilities, halfway houses, or other facilities, and have one spouse supervise the other, without violating s. 116.111, F.S.?
SUMMARY: The antinepotism statute, s. 116.111, F.S., does not prevent a state agency from employing husband and wife "teams," as long as the person who hires the couple is related to neither of them. The agency may establish whatever working relationship it sees fit between such couples, except that it may not allow one spouse to promote or advance the other or to advocate promotion or advancement of the other. Any such promotion, advancement, or advocacy of same would violate s. 116.111. AS TO QUESTION 1: Your first question refers specifically to employees of former county detention facilities who became employees of the Division of Youth Services pursuant to Ch. 73-230, Laws of Florida. This chapter required the division to offer such employees positions with comparable duties as those performed for a county and with no decrease in salary. Apparently the division hired some husband and wife teams, as described in the question, and continued the same organizational scheme as had been used by the counties. Under this scheme, one spouse has the responsibility of evaluating the other's job performance and of recommending promotions or salary increases for the other. The antinepotism statute specifically declares that: A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. . . . Section 116.111(2)(a), F.S. Therefore, it is clear that if a person is a public official as defined in the statute he or she may not promote or advance or recommend the promotion or advancement of his or her spouse. The statute defines public official as
. . . an officer . . . or employee of an agency in whom is vested the authority by law, rule, or regulation, or to whom the authority has been delegated, to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency. (Emphasis supplied.) Section 116.111(1)(b), F.S. AS TO QUESTION 2: In AGO 071-258, it was held that a public official, as defined in s. 116.111, F.S., who is not related to a prospective appointee may appoint such person even though the prospective appointee is related to an existing officer or employee in the same department. The antinepotism statute was clearly not intended to prevent relatives from working together in public employment. The statute simply prohibits one who has the authority to employ, appoint, promote, advance, or recommend same from using that authority with respect to his or her own relatives. Your second question, is therefore, answered affirmatively. If the appointing official is not related to the prospective appointee, the antinepotism statute would in no way affect the appointment. AS TO QUESTION 3: In accordance with the answer given to question 2, there is nothing preventing the Division of Youth Services from hiring husband and wife "teams," as long as the person who hires the couple is related to neither of them. The division may establish whatever working relationship between such couples as it sees fit, with one exception. Because of s. 116.111, F.S., the division may not allow one spouse to promote or advance the other or to advocate promotion or advancement of the other.